FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUL 21 PM 2:30

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 310-014-7 |
| | * | |
| RODERICK PATTERSON | * | |

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Roderick Patterson has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting

administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant alleges but does not demonstrate through evidence that he has complied with this process; his motion is therefore premature.

Moreover, in consideration of Defendant's compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, a defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id.

---

[1] The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Defendant has failed to satisfy his burden to show he is entitled to compassionate release because he has presented no evidence that he has a serious medical condition. The Court also notes that Defendant has already tested positive (asymptomatic) for COVID-19 and, as of June 25, 2020, he had recovered and tested negative. (See Gov't Resp. in Opp'n, Doc. No. 401, Ex. A, at 1-6.)

n.1(A)-(C). Defendant has not met the criteria for any of these categories. The application note also provides a catch-all category: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, the Court denies Defendant's motion for compassionate release because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Upon the foregoing, Defendant Roderick Patterson's motion for compassionate release (doc. no. 400) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

3